UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

TAYLOR LEFEVERE, individually and on behalf of all those similarly situated,

Plaintiff,

v.

23ANDME, INC., a Delaware corporation,

Defendant.

## DEFENDANT 23ANDME, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant 23andMe, Inc. ("Defendant") hereby removes the above-titled action from the Circuit Court in the County of Broward, Florida to the United State District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

### I. INTRODUCTION

On April 1, 2024, Plaintiff Taylor Lefevere ("Plaintiff") filed a *Class Action Complaint* ("*Complaint*") on behalf of Plaintiff and a putative class of other similarly situated individuals in the Circuit Court in the County of Broward, Florida, entitled *Taylor Lefevere v. 23andMe, Inc.*, Case No. CACE-24-004460. *See* Exhibit 1.

Defendant hereby removes this class action to this Court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"), for the reasons set forth below.

### II. REMOVAL UNDER CAFA IS PROPER

1. Under CAFA, federal courts have jurisdiction over putative class actions if: (a) any member of the plaintiff class is a citizen of a State different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief (28 U.S.C. §

1332(d)(5)(A)); (c) there are more than 100 members in the putative class (28 U.S.C. § 1332(d)(5)(B)); and (d) the amount in controversy exceeds $5,000,000, exclusive of interests and costs (28 U.S.C. § 1332(d)(6)).

2. As set forth below, this action is removable under CAFA because putative class members are citizens of a State different from that of Defendant (who is not a state, state official, or other government entity), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. Minimal Diversity Exists

3. Under CAFA, minimal diversity exists where any member of the putative class is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

4. The *Complaint* alleges Plaintiff is citizen of Florida. *Complaint* ¶ 5. Plaintiff seeks to represent a class of individuals with Florida addresses. *Id.* ¶ 30.

5. Defendant is a Delaware corporation with its principal place of business in California. *Complaint,* ¶ 6. As such, Defendant is a citizen of both Delaware and California. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) (corporations are citizens of "the states of their incorporation and their principal place of business.") (citing 28 U.S.C. § 1332(c)(1)).

6. The *Complaint* asserts that Plaintiff seeks to represent a putative class of "[1] all persons with Florida addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt." *Complaint* ¶ 30. The *Complaint's* putative class contains class members who are not citizens of California or Delaware.

7. Because Plaintiff, at minimum (and likely many members of the putative class), is a citizen of a state different from Defendant, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

### B. Defendant Is Not A State, State Official, Or Government Entity

8. Defendant is not a state, state official, or government entity. As such, CAFA's non-governmental entity requirement is satisfied. 28 U.S.C. § 1332(d)(5)(A).

### C. The Putative Class Exceeds 100 Class Members

9. Plaintiff asserts that Plaintiff "does not know the number of members in the Class but believes the number is in the several thousands, if not more." *Complaint* ¶ 32.

10. According to Defendant's records, Defendant sent at least 5,001 email communications to customers with Florida addresses between the hours of 9:00 p.m. and 8:00 a.m. since April 3, 2022. *See, Dan Chu Decl.* ¶ 2, Exhibit 2.

### D. The Amount In Controversy Exceeds $5,000,000

11. Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the *Complaint* does not include a specific total monetary demand—and Defendant denies that it has any liability, or owes any damages, to Plaintiff, the members of the putative class, or any other putative and purported class alleged in this action, or that any purported class may be certified pursuant to Federal Rule of Civil Procedure 23—the amount in controversy requirement is met.

12. The *Complaint* in this action alleges Defendant violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.*, by "attempting to collect a debt" from Plaintiff by sending certain email communications. *Complaint* ¶¶ 8–28. The FCCPA authorizes a civil remedy including (i) actual damages and (ii) statutory damages not to exceed $1,000. Fla. Stat. § 559.77(2). Since April 3, 2022, Defendant sent at least 5,001 emails to customers with Florida addresses between the hours of 9:00 p.m. and 8:00 a.m. *See, Dan Chu Decl.* ¶ 2, Exhibit 2. Therefore, at least $5,001,000 in statutory damages is in controversy. Because the aggregate amount of relief sought by Plaintiff and the putative class exceeds $5,000,000, exclusive of interest and costs, CAFA's amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(d)(2), (d)(6).

## III.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

13. The *Notice of Removal* contains a "short plain statement of the grounds for removal," and copies of the *Complaint* and any other process, pleadings, and orders that Plaintiff served on Defendant as of the date of the *Notice of Removal* are attached collectively as Exhibit 1. 28 U.S.C. § 1446(a).

14. The *Notice of Removal* is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because Defendant was served with the *Complaint* on April 8, 2024, and is filing this *Notice of Removal* within thirty days of service (*i.e.*, on or before May 8, 2024). *See* Exhibit 1.

15. Venue is proper in the United States District Court for the Southern District of Florida because this action was filed and is pending in the Circuit Court in the County of Broward, Florida, which is within this District. 28 U.S.C. §§ 1441(a), 1446(a).

16. Defendant will promptly file the *Notice of Filing Notice of Removal* with the State Court. 28 U.S.C. § 1446(d).

17. By removing the action to this Court, Defendant does not waive any defenses that are available to it under state or federal law. Defendant expressly reserves all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rule of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

## IV.   CONCLUSION

18. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, Defendant respectfully removes this action from the Circuit Court in the County of Broward, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

/s/Allan R. Kelley
Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com
**FOWLER WHITE BURNETT, P.A.**
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

P. Craig Cardon (*pro hac vice* to be filed)
ccardon@sheppardmullin.com
Jay T. Ramsey (*pro hac vice* to be filed)
jramsey@sheppardmullin.com
Patrick David Rubalcava IV (*pro hac vice* to be filed)
prubalcava@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

*Attorneys for Defendant, 23ANDME, INC*